UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOURA EL HABBAL, ET AL | : | CIVIL NO. |
| Plaintiff | : | |
| v. | : | |
| COSTCO WHOLESALE CORPORATION, ET AL | : | |
| Defendants | : | MAY 29, 2026 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1336 and 28 U.S.C. §1446, the defendant, Costco

Wholesale Corporation, hereby submits this Notice of Removal of the above

lawsuit filed in the Superior Court of Connecticut for the Judicial District of

Stamford with a Return Date of June 2, 2026 to the United States District Court for

the District of Connecticut.

The basis for such removal is diversity jurisdiction pursuant to 28 U.S.C.

§1332 as the plaintiff is a citizen of Connecticut and the defendant is a corporation

with a principal place of business in Issaquah, WA. The State Court Complaint

does not specify the amount of alleged damages other than to allege that such

damages exceed the jurisdictional minimum of the Superior Court of fifteen

thousand dollars.  However, while the defendant denies plaintiff's claims of

injuries, plaintiff alleges permanent bodily injuries, the value of which may exceed

$75,000.00. A copy of the Summons and Complaint filed in Stamford Superior Court is attached hereto as Exhibit "A".

Costco Wholesale Corporation has, as of this date, notified the Connecticut Superior Court of the filing of this Notice of Removal. A copy of the Notice of Removal filed in the Connecticut Superior Court (without exhibit) is attached hereto as Exhibit "B".

Pursuant to the Standing Order on removed cases, a Statement of Removed Case and a Notice of Pending Motions are being filed simultaneously herewith.

Finally, the defendant submits a Civil Cover Sheet attached hereto as Exhibit "C".

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION

_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678
Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOURA EL HABBAL, ET AL | : | CIVIL NO. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COSTCO WHOLESALE | : | |
| CORPORATION, ET AL | : | |
| | : | |
| Defendants | : | MAY 29, 2026 |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the defendant's Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION

_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678
Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

# EXHIBIT A

| SUMMONS - CIVIL<br>JD-CV-1  Rev. 2-22<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | For information on<br>ADA accommodations,<br>contact a court clerk or<br>go to: *www.jud.ct.gov/ADA.* | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* |
|---|---|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

---

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>**123 Hoyt Street, Stamford, CT 06905** | Telephone number of clerk<br>**( 203 ) 965 – 5308** | Return Date *(Must be a Tuesday)*<br>**06/02/2026** |
|---|---|---|
| ☑ Judicial District      G.A.<br>☐ Housing Session   ☐ Number: ___ | At *(City/Town)*<br>**Stamford** | Case type code *(See list on page 2)*<br>Major: **T**      Minor: **03** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**Law Offices of Michael E. Skiber, 152 East Avenue, Norwalk, CT 06851** | Juris number *(if attorney or law firm)*<br>**429588** |
|---|---|
| Telephone number<br>**( 203 ) 615 – 0090** | Signature of plaintiff *(if self-represented)* | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>**attys@skiberlaw.com** |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **El Habbal, Noura**<br>Address: **14 Glen Rdg, Wilton, CT 06897** | P-01 |
| **Additional plaintiff** | Name: **Luna Charbaji PPA Noura El Habbal**<br>Address: **14 Glen Rdg, Wilton, CT 06897** | P-02 |
| **First defendant** | Name: **Costco Wholesale Corporation, 999 Lake Drive, Issaquah, WA 98027 c/o Agent for Service:**<br>Address: **CT Corporation Systems, 357 East Center Street, Suite 2 J, Manchester, CT 06040** | D-01 |
| **Additional defendant** | Name: **Peak Construction Group LLC, 712 3rd Street, Ste A, Mukilteo, WA 98275 c/o Agent for Service:**<br>Address: **Registered Agents Inc., 2389 Main Street, Ste 100, Glastonbury, CT 06033** | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 2 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>**4/20/2026** | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>**Michael E. Skiber, Esq.** |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | For Court Use Only<br>File Date      A True Copy<br>Attested by<br>State Marshal Chris Fry |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form          Page 1 of 2          Reset Form

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*

2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*

3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*

4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*

5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*

   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*

   (c) *Applications for change of name*

   (d) *Probate appeals*

   (e) *Administrative appeals*

   (f) *Proceedings pertaining to arbitration*

   (g) *Summary Process (Eviction) actions*

   (h) *Entry and Detainer proceedings*

   (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |



| RETURN DATE: JUNE 2, 2026 | : | SUPERIOR COURT |
| NOURA EL HABBAL et al. | : | J.D. OF STAMFORD-NORWALK |
| v. | : | AT STAMFORD |
| COSTCO WHOLESALE CORPORATION et al. | : | APRIL 20, 2026 |

## COMPLAINT

1.    At all times mentioned herein, the Plaintiff, NOURA EL HABBAL, was and still is a resident of Wilton within the State of Connecticut.

2.    At all times mentioned herein, the Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL, was and still is a minor residing with her mother NOURA EL HABBAL in Wilton within the State of Connecticut.

3.    At all times mentioned herein, the Defendant, COSTCO WHOLESALE CORPORATION, was and still is a Washington corporation duly authorized to conduct business within the State of Connecticut.

4.    At all times mentioned herein, the Defendant, COSTCO WHOLESALE CORPORATION, individually and/or by and through its agents, servants and/or employees owned, possessed, operated, and/or controlled the premises located at 779 Connecticut Avenue, Norwalk Connecticut (hereinafter, the "Premises").

5.    At all times mentioned herein, the Defendant, PEAK CONSTRUCTION GROUP LLC, was and still is a limited liability company duly authorized to conduct business within the State of Connecticut.

6.    At all times mentioned herein, the Defendant, PEAK CONSTRUCTION GROUP LLC, individually and/or by and through its agents, servants and/or employees was performing construction work at the Premises and had erected and was responsible for a temporary fence in the parking lot of the Premises.

## COUNT ONE: NEGLIGENCE AS TO PLAINTIFF NOURA EL HABBAL AGAINST DEFENDANT PEAK CONSTRUCTION GROUP, LLC

1.    On October 30, 2025, at approximately 11:05 a.m., the Plaintiffs, NOURA EL HABBAL and her one year old daughter, LUNA CHARBAJI PPA NOURA EL HABBAL, were lawfully on the Premises as business invitees walking in the parking lot when a portion of a temporary

construction fence and metal post suddenly and without warning fell and struck NOURA EL HABBAL in the head and struck the stroller containing LUNA CHARBAJI PPA NOURA EL HABBAL.

2.      At all times mentioned herein, and for some time prior thereto, the Defendant, PEAK CONSTRUCTION GROUP LLC, individually and/or through its agents, servants and/or employees had a duty to maintain the Premises, including the temporary construction fence, in a reasonably safe and secure condition for persons lawfully on said Premises.

3.      On October 30, 2025, and for some time prior thereto, PEAK CONSTRUCTION GROUP LLC, individually and/or through its agents, servants and/or employees breached said duty and failed to properly assemble, install, secure, maintain, inspect, and/or remedy an unstable temporary construction fence in the parking lot at the Premises, creating a dangerous condition.

4.      On October 30, 2025, and for some time prior thereto, the Defendant, PEAK CONSTRUCTION GROUP LLC, individually and/or through its agents, servants and/or employees maintained the Premises, specifically the temporary fence area, in a manner where it became and/or caused a hazardous condition.

5.      The Plaintiff, NOURA EL HABBAL, sustained injuries due to the negligence and/or carelessness of the Defendant, PEAK CONSTRUCTION GROUP LLC, in one or more of the following ways in that they:

      (a) Failed to provide the Plaintiff with a safe environment in the parking lot area where the incident occurred;

      (b) Failed to warn the Plaintiff and business invitees of the dangerous and defective condition of the temporary construction fence then and there existing;

      (c) Allowed the temporary construction fence to remain in an unsafe, unstable and unsecured condition for an unreasonable length of time;

      (d) Failed to inspect the temporary fence to ensure that it was free of the dangerous and defective condition and safe for persons lawfully on the Premises to be near;

      (e) Failed to supervise its agents, servants and/or employees in the erection and/or maintenance of the temporary construction fence;

      (f) Failed to properly assemble, install, secure, repair, remove and/or otherwise remedy the dangerous and defective condition of the temporary construction fence

although they knew or should have known that such a dangerous and defective condition existed for an unreasonable period of time; and

(g) Failed to implement and/or enforce adequate policies and procedures to ensure that the temporary construction fence was erected and maintained in a safe manner.

6.      As a result of the Defendant's carelessness and/ or negligence, the Plaintiff, NOURA EL HABBAL, suffered the injuries or exacerbations as set forth below, some of which injuries or exacerbations, or the effects thereof, being permanent in nature:

(a) Head injury;

(b) Lower back injury;

(c) Physical pain; and

(d) Loss of enjoyment of life's activities.

7.      As a result of the incident described above, Plaintiff, NOURA EL HABBAL, has experienced, and will continue to experience in the future, pain and suffering and an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

8.      As a further result of these injuries, Plaintiff, NOURA EL HABBAL, has incurred, and may continue to incur, medical expenses.

9.      As a further result of these injuries, the ability of Plaintiff, NOURA EL HABBAL, to pursue and enjoy life's leisure activities has been reduced.

10.     As a further result of these injuries, the Plaintiff, NOURA EL HABBAL, has and may continue to suffer lost wages.

**COUNT TWO: PREMISES LIABILITY AS TO PLAINTIFF NOURA EL HABBAL AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION**

1.      On October 30, 2025, at approximately 11:05 a.m., the Plaintiffs, NOURA EL HABBAL and her one year old daughter, LUNA CHARBAJI PPA NOURA EL HABBAL, were lawfully on the Premises as business invitees walking in the parking lot when a portion of a temporary construction fence and metal post suddenly and without warning fell and struck NOURA EL HABBAL in the head and struck the stroller containing LUNA CHARBAJI PPA NOURA EL HABBAL.

2.      At all times mentioned herein, the Defendant, COSTCO WHOLESALE CORPORATION, individually and/or through its agents, servants and/or employees had a duty to maintain the Premises, including the parking lot and any construction activities thereon, in a reasonably safe condition for persons lawfully on said Premises.

3.      On or about October 30, 2025, and for some time prior thereto, the Defendant, COSTCO WHOLESALE CORPORATION, individually and/or through its agents, servants and/or employees breached said duty and failed to properly supervise, inspect, and/or remedy the dangerous temporary construction fence in the parking lot at the Premises, creating a dangerous and hazardous condition.

4.      On October 30, 2025, and for some time prior thereto, the Defendant, COSTCO WHOLESALE CORPORATION, individually and/or by and through its agents, servants and/or employees maintained the aforementioned Premises, specifically the parking lot area, in a manner where it became and/or caused a hazardous condition.

5.      The Plaintiff, NOURA EL HABBAL, sustained injuries due to the negligence and/or carelessness of the Defendant, COSTCO WHOLESALE CORPORATION, in one or more of the following ways in that they:

        (a) Failed to provide the Plaintiff with a safe environment in the parking lot area where the incident occurred;

        (b) Failed to warn the Plaintiff and business invitees of the dangerous and defective condition of the temporary construction fence then and there existing;

        (c) Allowed the temporary construction fence to remain in an unsafe, unstable and unsecured condition for an unreasonable length of time;

        (d) Failed to inspect the temporary fence to ensure that it was free of the dangerous and defective condition and safe for persons lawfully on the Premises to be near;

        (e) Failed to supervise its agents, servants and/or employees in the erection and/or maintenance of the temporary construction fence;

        (f) Failed to properly assemble, install, secure, repair, remove and/or otherwise remedy the dangerous and defective condition of the temporary construction fence although they knew or should have known that such a dangerous and defective condition existed for an unreasonable period of time; and

(g) Failed to implement and/or enforce adequate policies and procedures to ensure that the temporary construction fence was erected and maintained in a safe manner.

6.      As a result of the carelessness and/ or negligence of the Defendant, COSTCO WHOLESALE CORPORATION, the Plaintiff, NOURA EL HABBAL, suffered the injuries or exacerbations as set forth below, some of which injuries or exacerbations, or the effects thereof, being permanent in nature:

(a) Head injury;

(b) Lower back injury;

(c) Physical pain; and

(d) Loss of enjoyment of life's activities.

7.      As a result of the incident described above, Plaintiff, NOURA EL HABBAL, has experienced, and will continue to experience in the future, pain and suffering and an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

8.      As a further result of these injuries, Plaintiff, NOURA EL HABBAL, has incurred, and may continue to incur, medical expenses.

9.      As a further result of these injuries, the ability of Plaintiff, NOURA EL HABBAL, to pursue and enjoy life's leisure activities has been reduced.

10.     As a further result of these injuries, the Plaintiff, NOURA EL HABBAL, has and may continue to suffer lost wages.

**COUNT THREE: NEGLIGENCE AS TO PLAINTIFF LUNA CHARBAJI PPA NOURA EL HABBAL AGAINST DEFENDANT PEAK CONSTRUCTION GROUP, LLC**

1.      On October 30, 2025, at approximately 11:05 a.m., the Plaintiffs, NOURA EL HABBAL and her one year old daughter, LUNA CHARBAJI PPA NOURA EL HABBAL, were lawfully on the Premises as business invitees walking in the parking lot when a portion of a temporary construction fence and metal post suddenly and without warning fell and struck NOURA EL HABBAL in the head and struck the stroller containing LUNA CHARBAJI PPA NOURA EL HABBAL.

2.      At all times mentioned herein, and for some time prior thereto, the Defendant, PEAK CONSTRUCTION GROUP LLC, individually and/or through its agents, servants and/or

employees had a duty to maintain the Premises, including the temporary construction fence, in a reasonably safe and secure condition for persons lawfully on said Premises.

3. On October 30, 2025, and for some time prior thereto, PEAK CONSTRUCTION GROUP LLC, individually and/or through its agents, servants and/or employees breached said duty and failed to properly assemble, install, secure, maintain, inspect, and/or remedy an unstable temporary construction fence in the parking lot at the Premises, creating a dangerous condition.

4. On October 30, 2025, and for some time prior thereto, the Defendant, PEAK CONSTRUCTION GROUP LLC, individually and/or through its agents, servants and/or employees maintained the Premises, specifically the temporary fence area, in a manner where it became and/or caused a hazardous condition.

5. The Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL, sustained injuries due to the negligence and/or carelessness of the Defendant, PEAK CONSTRUCTION GROUP LLC, in one or more of the following ways in that they:

(a) Failed to provide the Plaintiff with a safe environment in the parking lot area where the incident occurred;

(b) Failed to warn the Plaintiff and business invitees of the dangerous and defective condition of the temporary construction fence then and there existing;

(c) Allowed the temporary construction fence to remain in an unsafe, unstable and unsecured condition for an unreasonable length of time;

(d) Failed to inspect the temporary fence to ensure that it was free of the dangerous and defective condition and safe for persons lawfully on the Premises to be near;

(e) Failed to supervise its agents, servants and/or employees in the erection and/or maintenance of the temporary construction fence;

(f) Failed to properly assemble, install, secure, repair, remove and/or otherwise remedy the dangerous and defective condition of the temporary construction fence although they knew or should have known that such a dangerous and defective condition existed for an unreasonable period of time; and

(g) Failed to implement and/or enforce adequate policies and procedures to ensure that the temporary construction fence was erected and maintained in a safe manner.

6.      As a result of the carelessness and/ or negligence of the Defendant, PEAK CONSTRUCTION GROUP, LLC, the Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL, suffered the injuries or exacerbations as set forth below, some of which injuries or exacerbations, or the effects thereof, being permanent in nature:

      (a) Knuckle scrapes;

      (b) Abrasion to the right hand;

      (c) Physical pain; and

      (d) Loss of enjoyment of life's activities.

7.      As a result of the incident described above, Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL, has experienced, and will continue to experience in the future, pain and suffering and an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

8.      As a further result of these injuries, Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL, has incurred, and may continue to incur, medical expenses.

9.      As a further result of these injuries, the ability of Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL to pursue and enjoy life's leisure activities has been reduced.

## COUNT FOUR: PREMISES LIABILITY AS TO PLAINTIFF LUNA CHARBAJI PPA NOURA EL HABBAL AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION

1.      On October 30, 2025, at approximately 11:05 a.m., the Plaintiffs, NOURA EL HABBAL and her one year old daughter, LUNA CHARBAJI PPA NOURA EL HABBAL, were lawfully on the Premises as business invitees walking in the parking lot when a portion of a temporary construction fence and metal post suddenly and without warning fell and struck NOURA EL HABBAL in the head and struck the stroller containing LUNA CHARBAJI PPA NOURA EL HABBAL.

2.      At all times mentioned herein, the Defendant, COSTCO WHOLESALE CORPORATION, individually and/or through its agents, servants and/or employees had a duty to maintain the Premises, including the parking lot and any construction activities thereon, in a reasonably safe condition for persons lawfully on said Premises.

3.      On or about October 30, 2025, and for some time prior thereto, the Defendant, COSTCO WHOLESALE CORPORATION, individually and/or through its agents, servants and/or

employees breached said duty and failed to properly supervise, inspect, and/or remedy the dangerous temporary construction fence in the parking lot at the Premises, creating a dangerous and hazardous condition.

4.      On October 30, 2025, and for some time prior thereto, the Defendant, COSTCO WHOLESALE CORPORATION, individually and/or by and through its agents, servants and/or employees maintained the aforementioned Premises, specifically the parking lot area, in a manner where it became and/or caused a hazardous condition.

5.      The Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL, sustained injuries due to the negligence and/or carelessness of the Defendant, COSTCO WHOLESALE CORPORATION in one or more of the following ways in that they:

(a) Failed to provide the Plaintiff with a safe environment in the parking lot area where the incident occurred;

(b) Failed to warn the Plaintiff and business invitees of the dangerous and defective condition of the temporary construction fence then and there existing;

(c) Allowed the temporary construction fence to remain in an unsafe, unstable and unsecured condition for an unreasonable length of time;

(d) Failed to inspect the temporary fence to ensure that it was free of the dangerous and defective condition and safe for persons lawfully on the Premises to be near;

(e) Failed to supervise its agents, servants and/or employees in the erection and/or maintenance of the temporary construction fence;

(f) Failed to properly assemble, install, secure, repair, remove and/or otherwise remedy the dangerous and defective condition of the temporary construction fence although they knew or should have known that such a dangerous and defective condition existed for an unreasonable period of time; and

(g) Failed to implement and/or enforce adequate policies and procedures to ensure that the temporary construction fence was erected and maintained in a safe manner.

6.      As a result of the carelessness and/ or negligence of the Defendant, COSTCO WHOLESALE CORPORATION, the Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL suffered the injuries or exacerbations as set forth below, some of which injuries or exacerbations, or the effects thereof, being permanent in nature:

(a) Knuckle scrapes;

(b) Abrasion to the right hand;

(c) Physical pain; and

(d) Loss of enjoyment of life's activities.

7.    As a result of the incident described above, Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL has experienced, and will continue to experience in the future, pain and suffering and an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

8.    As a further result of these injuries, Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL has incurred, and may continue to incur, medical expenses.

9.    As a further result of these injuries, the ability of Plaintiff, LUNA CHARBAJI PPA NOURA EL HABBAL to pursue and enjoy life's leisure activities has been reduced.

**WHEREFORE,** the Plaintiffs claim money damages and such other and further relief as the court deems appropriate. This matter is within the jurisdiction of this court.

**THE PLAINTIFFS,**

By:_____

Michael E. Skiber, Esq.
Law Office of Michael E. Skiber
152 East Ave.
Norwalk, CT 06851
Email: attys@skiberlaw.com
Tel: (203) 615-0090
Fax: (866) 418-8045
Juris No. 429588

A True Copy
Attested by
State Marshal Chris Fry

| RETURN DATE: JUNE 2, 2026 | : | SUPERIOR COURT |
|---|---|---|
| NOURA EL HABBAL et al. | : | J.D. OF STAMFORD-NORWALK |
| v. | : | AT STAMFORD |
| COSTCO WHOLESALE CORPORATION et al. | : | APRIL 20, 2026 |

## STATEMENT OF AMOUNT IN DEMAND

Plaintiffs claim damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs, and additional money damages as are reasonable and proper. This matter is within the jurisdiction of this court.

THE PLAINTIFFS,

By:_____

Michael E. Skiber, Esq.
Law Office of Michael E. Skiber
152 East Ave.
Norwalk, CT 06851
Email: attys@skiberlaw.com
Tel: (203) 615-0090
Fax: (866) 418-8045
Juris No. 429588

A True Copy
Attested by _____
State Marshal Chris Fry

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
04/29/2026
CT Log Number 552075463

## Service of Process Transmittal Summary

**TO:**   Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1411 OPUS PL STE 400
DOWNERS GROVE, IL 60515-1481

**RE:**   **Process Served in Connecticut**

**FOR:**   Costco Wholesale Corporation  (Domestic State: WA)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NOURA EL HABBAL et al. // To: Costco Wholesale Corporation |
| **CASE #:** | None Specified |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Manchester, CT |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/29/2026 at 13:42 |
| **JURISDICTION SERVED:** | Connecticut |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| | Email Notification,  Zois Johnston  zjohnston@costco.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
357 E Center St. Ste 2J
Manchester, CT 06040
866-401-8252
LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Apr 29, 2026
**Server Name:**                   Drop Service

| Entity Served | COSTCO WHOLESALE CORPORATION |
|---|---|
| Case Number | |
| Jurisdiction | CT |

| Inserts | |
|---|---|
| | |



# EXHIBIT B

DOCKET NO. FST-CV26-6080939-S      :      SUPERIOR COURT

NOURA EL HABBAL, ET AL      :      J.D. OF STAMFORD

VS.      :      AT STAMFORD

COSTCO WHOLESALE CORP., ET AL      :      MAY 29, 2026

## NOTICE OF REMOVAL

The defendant, Costco Wholesale Corporation, hereby gives notice that it has removed this action to Federal Court. A copy of said removal (without exhibits) is attached hereto as Exhibit "A".

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION

_____/s/400462_____
Miles N. Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel. No. 203-248-5678
Juris No. 415435

ESTY & BUCKMIR, LLC
2285 Whitney Avenue
Hamden, Connecticut 06518
Tel. (203) 248-5678  Fax 203-288-9974  Juris No. 415435

## CERTIFICATE OF SERVICE

I certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on this date to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served:

LAW OFFICE OF MICHAEL E. SKIBER
152 EAST AVENUE
NORWALK, CT 06851
attys@skiberlaw.com

_____/s/400462_____
Miles N. Esty, Esq.
Commissioner of the Superior Court

ESTY & BUCKMIR, LLC
2285 Whitney Avenue
Hamden, Connecticut 06518
Tel. (203) 248-5678    Fax 203-288-9974    Juris No. 415435

# EXHIBIT C

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Noura El Habbal, et al

## DEFENDANTS

Costco Wholesale Corporation, et al

**(b)** County of Residence of First Listed Plaintiff   Fairfield
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Skiber, Esq., Law Office of Michael E. Skiber, 152 East Avenue, Norwalk, CT 06851, 203-615-009

Attorneys *(If Known)*
Miles Esty, Esq., Esty & Buckmir, LLC, 2285 Whitney Avenue, Hamden, CT 06518, 203-248-5678

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

☐ 2  U.S. Government
Defendant

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Alleged premises liability resulting in alleged personal injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
05/29/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Miles N. Esty

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____